FILED

**NOT FOR PUBLICATION**

NOV 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC W. OLSEN; KEVIN SWARTZ; JASON McBRIDE, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, in his official capacity as Attorney General of the United States of America, <br><br> Defendant - Appellant. | No. 07-35616 <br><br> D.C. No. CV-05-06365-MRH <br><br> MEMORANDUM[*] |
| ERIC W. OLSEN; KEVIN SWARTZ; JASON McBRIDE, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, in his official capacity as Attorney General of the United States of America, <br><br> Defendant - Appellee. | No. 07-35762 <br><br> D.C. No. CV-05-06365-MRH |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted July 14, 2010
Portland, Oregon

Before: PREGERSON, WARDLAW and RAWLINSON, Circuit Judges.

Eric Olsen, Kevin Swartz and Jason McBride (together Appellees) challenged the constitutionality of 11 U.S.C. §§ 526-528.

1.      Subsequent to the district court's ruling that 11 U.S.C. § 526(a)(4) violated the First Amendment, the United States Supreme Court decided that 11 U.S.C. § 526(a)(4) is constitutional. *See Milavetz, Gallop & Milavetz, P.A. v. United States*, 130 S. Ct. 1324, 1339 (2010). *Milavetz* requires reversal of the district court's decision to the contrary. Although the Supreme Court only addressed the Fifth Amendment challenge, its reasoning applies equally to the First Amendment challenge.

2.      As observed in *Milavetz*, 11 U.S.C. § 528 permits debt relief agencies to customize the required disclosure statement so long as it is "substantially

similar" to the statement in the statute. *Milavetz*, 130 S. Ct. at 1341. Hence, McBride is not compelled to engage in false speech. Therefore, the district court's decision to dismiss this claim is affirmed.

3.     Because 11 U.S.C. §§ 526-528 caused Appellees to censor their advertisements, they had standing to bring a Fifth Amendment Due Process claim. *See California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1094 (9th Cir. 2003). However, Appellees' vagueness argument under the Fifth Amendment is unpersuasive. As the parties acknowledged during oral argument, the challenged terms were widely used prior to the passage of 11 U.S.C. §§ 526-528. Additionally, "due process does not require 'impossible standards of clarity.'" *Information Providers' Coalition for Defense of the First Amendment v. FCC*, 928 F.2d 866, 874 (9th Cir. 1991) (citation and internal quotation marks omitted). Therefore, the district court's dismissal of this claim is also affirmed.

**REVERSED in part and AFFIRMED in part. Each party is to bear its own costs on appeal.**

*Olsen v. Holder*, No. 07-35616; Pregerson, J., Special Concurrence:

I concur and add these words: Our bankruptcy laws are rooted in our Constitution. Article I, Section 8, Clause 4, gives Congress the power to establish "uniform laws on the subject of bankruptcies throughout the United States." In 1978, Congress passed the Bankruptcy Reform Act (11 U.S.C.A. § 101 et seq.), which, along with major amendments passed in 1984, 1986, and 1994, is known as the Bankruptcy Code.

I wish to emphasize the important work done by bankruptcy attorneys who represent distressed debtors seeking a fresh start under the Bankruptcy Code. Such a fresh start is one of the key purposes of our bankruptcy laws. Bankruptcy attorneys, in many cases, represent vulnerable low-income debtors who are saddled by credit card and mortgage debt during these hard economic times. Many bankruptcy attorneys work day in and day out to see to it that low-income vulnerable debtors stand a chance for a fresh start against lending organizations who exact unconscionable interest rates and unfair conditions in their required paperwork. It is important to remember that these skilled bankruptcy attorneys act with integrity, diligence, and heart.